IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01123-PSF-MEH

SAMUEL J. STOORMAN,

    Plaintiff,

vs.

STATE FARM INSURANCE COMPANY,

    Defendant.

_____

**ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY**
_____

Defendant has filed a Motion to Compel Discovery (Docket #38) ("Motion to Compel"). The matter is briefed, and oral argument would not materially assist the Court in adjudicating it. For the reasons stated below, the Court **grants** the Motion to Compel in part and **denies** it in part.

**I.     Facts**

This lawsuit arises out of an automobile accident involving the Plaintiff (an attorney). Plaintiff was injured, and in this lawsuit he seeks underinsured motorist benefits from his insurance carrier, the Defendant. A large part of his claim centers on lost billable hours, a claim which Defendant contends exceeds $103,000.00, at $300/hour. Defendant has propounded certain discovery requests which have drawn objections from the Plaintiff. Defendant seeks to compel more complete answers to its requests.

**II.    Discussion**

The Court will discuss the individual items in the order of Defendant's Motion to Compel:

### A. Request for Admission #1

Defendant asks Plaintiff to admit that his reported earnings declined from the year 2000 to 2001. Plaintiff objected on the basis of the term "your reported business earnings," because Defendant defined the term "your" to include Plaintiff's "agents, employees, accountants, investigators, attorneys, insurance companies, their agents, their employees, and anyone else acting on Plaintiff's behalf." The Court agrees that the question was sloppy, but the general intent is clear and, indeed, in his Response Plaintiff admits that his expert shows Plaintiff's personal income declining from 2000 to 2001. Therefore, the Motion to Compel will be granted as to this Request to the following extent: In order to avoid further briefing, the Court directs that Plaintiff respond to the following requests for admission:

"Admit that the income Samuel J. Stoorman received from his law practice declined from the year 2000 to 2001."

"Admit that the reported business earnings for Samuel J. Stoorman & Associates, P.C. declined from the year 2000 to 2001."

### B. Interrogatory #2

Defendant seeks information about each medical care provider Plaintiff has seen regarding injuries received as a result of the accident at issue in this case. Plaintiff responded by directing Defendant to the medical records he has provided. The Court believes that the question is a fair one and directs the Plaintiff to respond. The Motion to Compel will be granted as to this Interrogatory.

### C. Interrogatory #6

Defendant seeks information related to any medical care provider who has informed Plaintiff that he will need future treatment. Plaintiff provided a partial answer concerning Dr. Eric Stahl,

instructed Defendant to review the medical records for any additional information, and, in his Response, states that Plaintiff does not know what additional treatment may be required. The Court believes that the question is a fair one and directs that (1) Plaintiff provide all requested information for Dr. Stahl, and (2) Plaintiff state affirmatively that Dr. Stahl is the only such medical care provider, or, if there are others, provide the requested information. Further, this interrogatory does not inquire about *Plaintiff's* beliefs regarding future care, but about statements made by medical care providers. The Motion to Compel will be granted as to this Interrogatory.

### D.   Interrogatory No. 8

Defendant seeks identification of all documents supporting Plaintiff's claim for lost income. Plaintiff has directed Defendant to his expert report and the supporting file. The Court reads from Plaintiff's response that all responsive documents have been provided. If they have not all been identified, Plaintiff is directed to identify all documents which concern lost wages or income due to the accident. The Motion to Compel will be granted as to this Interrogatory.

### E.   Interrogatory #12

Defendant seeks information about any medication Plaintiff has taken regarding injuries received as a result of the accident at issue in this case. Plaintiff responded by directing Defendant to the medical records he has provided. Just as with Interrogatory #2, the Court believes that the question is a fair one and directs the Plaintiff to respond. Plaintiff may use his own medical records to refresh his recollection. The Motion to Compel will be granted as to this Interrogatory.

### F.   Request for Production #1

Defendant seeks documents used by Plaintiff in responding to the Interrogatories and Requests for Admissions. Plaintiff represents that certain documents sought in this Request do not

exist. The Court accepts Plaintiff's representation and denies as moot the Motion to Compel as to those documents. As to documents concerning Request for Admission #9, which seeks the number of hours billed in 2002 at the rate of $250 per hour, Plaintiff represents that each monthly billing statement contains "tens of thousands of pages." The Court does not believe that this is literally true. At most, Plaintiff should be billing in the neighborhood of 200-250 hours per month. How there can be tens of thousands of pages establishing 200 hours of work is beyond the Court's understanding. The Court has seen billing records supporting a request for award of attorney's fees of $300,000 at a rate of $250/hour (thus, over 1,000 hours of work) which are comprised of perhaps 20-30 pages of time records. Plaintiff must either produce the requested records (redacted as appropriate to exclude attorney-client information) or else provide a detailed summary of the nature that an attorney would use for a request for award of attorney's fees (listing dates, hours [or fractions thereof] worked, and the type of work engaged in). When the Plaintiff is seeking over $100,000 in compensation for lost time, the Defendant has the right to inquire into the credibility of the claim, including an accurate accounting for the relevant time period and comparison data from a past relevant time period. The Motion to Compel will be granted as to this Request.

G.   Request for Production #2

Defendant seeks releases in order to obtain medical, tax and insurance records. Plaintiff objects to discovery of medical information beyond what he has already produced, or to tax records of his spouse. Plaintiff has placed his medical condition at issue in this case. Defendant is entitled to inquire about medical records beyond merely the incident at issue in this case, in order to determine the nature and extent of any prior or contemporaneous medical conditions that might impact causation and damages in this case. Defendant is also entitled to tax records. However, Plaintiff may

redact any information that relates solely to his wife. The Motion to Compel will be granted as to this Request.

H.      Request for Production #3

Defendant seeks "all documents supporting any item of [Plaintiff's] claimed damages or losses." The Court finds it difficult to order Plaintiff to produce any specific item in response, other than what is already addressed in other paragraphs in this Order. Further, Defendant provides no specific direction concerning what documents it believes have not been provided. The Motion to Compel will be denied as to this Request.

I.      Request for Production #4

Defendant seeks documents supporting amounts collected from clients of Stoorman & Associates, P.C. for 2001-2005. Plaintiff states that his tax records should be sufficient. Defendant has made its case that such records will demonstrate the nature and trends of Plaintiff's income, which will permit Defendant to make an educated assumption concerning Plaintiff's losses. Further, the Court does not believe that the information is privileged as established in the case law provided by Defendant, and if any attorney-client privileged information exists in the records, it can be redacted. The Motion to Compel will be granted as to this Request.

J.      Request for Production #5

Defendant seeks total profit/revenue information for Stoorman & Associates, P.C. from 2001-2005. Plaintiff represents that all responsive information has been produced, and that the firm maintained no monthly or annual profit and loss statements. The Court will accept Plaintiff's representations and, on that basis, deny the Motion to Compel as to this Request.

K.      Request for Production #8

Defendant seeks bank statements for each account held or used by Stoorman & Associates, P.C. from 2001-2005. Defendant has not made its case as to how this information does not duplicate information which the Court has already ordered produced in this Order, nor why Defendant needs this sort of information. The Motion to Compel will be denied as to this Request.

L.     Request for Production #9

Defendant requests Plaintiff's calendars from 2001-2005. Plaintiff states that he has found and offered to produce his 2003-2005 calendars. The Motion to Compel will be granted as to this Request. If Plaintiff's 2001-2002 calendars are unavailable, he should so state.

M.     Request for Production #10

Defendant seeks a broad category of accounting records for Stoorman & Associates for 2001-2005. Plaintiff contends that all responsive documents have been produced. Defendant has not made its case as to how this information does not duplicate information which the Court has already ordered produced in this Order, nor why Defendant needs this sort of information. The Motion to Compel will be denied as to this Request.

N.     Request for Production #11

Defendant seeks a "job log or listing of cases or matters handled by Stoorman & Associates, P.C." from 2001-2005. Plaintiff states that he has no such log or listing. The Court has already addressed responsive information regarding Request for Production #1. A request for production should not require the responding party to create a new document, especially when a properly phrased interrogatory could accomplish the same goal. The Motion to Compel will be denied as to this Request. If Defendant believes that Plaintiff's response and/or conduct in maintaining documents has created a spoliation issue, that matter can be raised in a proper motion.

O. <u>Request for Production #12</u>

Defendant seeks documents establishing the billing rate and number of hours billed by each timekeeper at Stoorman & Associates, P.C. for each month from January 1, 2001 to December 31, 2005. Plaintiff states that he no longer has some of the records supporting this information, and it would require production of tens of thousands of pages to respond to this Request. The Court believes that the information requested is very simple: Name of person, number of hours billed, and billing rate for each of the requested months. The Plaintiff must produce responsive documents or, if he chooses as an alternative, create a document providing responsive information to the extent it can be established. The Motion to Compel will be granted as to this Request.

P. <u>Request for Production #13</u>

Defendant seeks documents establishing the billable time expended, but written off, for the period 2001-2005. Defendant contends Plaintiff has stated that, for 2002, certain billable time was expended but written off (*i.e.*, not requested for payment), but that for the lost time which Plaintiff claims in this lawsuit, Plaintiff contends that all of the billable hours would have been requested and collected. Defendant has established the relevance of this information. As with Request for Production #12, Plaintiff must produce responsive documents or, if he chooses as an alternative, create a document providing responsive information to the extent it can be established. The Motion to Compel will be granted as to this Request.

Q. <u>Request for Production #14</u>

Defendant seeks documents establishing the time billed, but written off, for the period 2001-2005. Defendant contends Plaintiff has stated that, for 2002, certain time was billed but written off (*i.e.*, not collected), but that for the lost time which Plaintiff claims in this lawsuit, Plaintiff contends

that all of the hours billed would have been collected. Defendant has established the relevance of this information. As with Request for Production ##12 & 13, Plaintiff must produce responsive documents or, if he chooses as an alternative, create a document providing responsive information to the extent it can be established. The Motion to Compel will be granted as to this Request.

      R.      Request for Production #15

Defendant seeks monthly cash receipt documentation for 2001-2005. The relevance of such information is self-evident. Plaintiff seeks loss of income, and historical cash receipts provide a relevant manner to determine the loss. This is the type of information maintained by most responsible professional offices, and the Court orders that it be produced if it exists. Plaintiff need not "go through . . . volumes of billing statements and to break down the requested information," but rather is merely required to produce the documentation. The Motion to Compel will be granted as to this Request.

Plaintiff is directed to produce a privilege log to Defendant for any documents withheld on the basis of privilege in responding to this Order. Further, Plaintiff is directed to comply with this Order on or before July 31, 2006.

**III.**    **Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendant's Motion to Compel [Filed May 22, 2006; Docket #38] is **granted in part** and **denied in part** as directed here. All requests for attorney's fees are denied.

Dated at Denver, Colorado, this 11th day of July, 2006.

                                BY THE COURT:

                                s/ Michael E. Hegarty
                                Michael E. Hegarty
                                United States Magistrate Judge